ANNA SMITH *vs.* EDGAR PAINE.

THEODORE SMITH *vs.* EDGAR PAINE.

Cumberland.     Opinion, July 25, 1934.

*Jacob H. Berman,*
*Edward J. Berman,* for plantiffs.
*Sherman I. Gould,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

BARNES, J.   In these actions Anna Smith sues the owner of premises, on which she suffered injury by the breaking of an ankle; and her husband brings his action "for the loss of services of his wife, due to the fracture."

They were tried before a Referee, in accordance with statutory provision, with a stipulation reserving the right of exception to rulings of law.

The Referee returned into court finding in favor of the plaintiff in each case.

Written objections to the acceptance of the reports were seasonably filed by defendant. The Court accepted the reports, despite the objections, and defendant prosecuted his exceptions.

The defendant, for many years before the accident, was and still is the owner of a building on Fore Street in Portland.

For nearly twelve years, at time of trial, a Mrs. Gordon had rented of defendant the building, as tenant at will, with full control of the entire property.

During her occupancy the tenant had used the ground floor as a store and the upper part of the building as living quarters.

The building is entered from Fore Street by a single door.

The wall of the building is the inner bound of a brick sidewalk, and is perhaps on the margin of the street.

The door is recessed into the building and a person leaving the building would step over the threshold onto a wide granite step that fills the recess and thence down to the sidewalk.

When Mrs. Gordon's tenancy began the mouth of a light well from the cellar, covered by a metal grating flush with the sidewalk, lay directly in front of the door.

The Referee found that at the time of letting to Mrs. Gordon the defendant agreed to make certain repairs, and that these repairs were made; that no other specific agreement between the parties relative to repairs was entered into by them.

From Mrs. Gordon's testimony it is apparent that at the beginning of her tenancy a wooden cover was made for the light well, and that from the time of construction of the wooden well cover to the day of the accident, the only repairs thereon were done by one of her lodgers.

Three planks and a step, four or six inches higher, the step as long as the granite step, and the planks as long as the grating constitute the well cover.

Mr. Paine testified that the wooden cover was never repaired under his instructions.

In the declaration the well cover is termed a "step and platform," and the averment is that both were made of "planks," so we consider the material as about two inches in thickness.

At the end of the cover, where the defect is complained of, the planking and the stone margin of the well appear in the photograph, made an exhibit in the case, to be on a general level with the bricks of the sidewalk.

On the evening of October 27, 1931, the plantiff, Mrs. Smith, with a companion, made a call on Mrs. Gordon, and as she left the building plaintiff was caught by the heel of her left shoe, which penetrated a crack near the end of a plank of the well cover and became wedged firmly in the crevice.

She fell and the ankle was fractured. The crevice is described by a witness as being about three-quarters of an inch wide near the end of the plank, and about eight inches long, its width "diminishing to nothing." It appears in the exhibit that the crevice was caused by a splintering of the end of one or each of the outer planks at their junction.

The heel that caught was testified to as about three-quarters of an inch wide at bottom.

It is settled law in this state that so long as a building as a whole, is let to a tenant, with full control, ordinary repairs must be made at the charge and risk of the tenant. *McKenzie* v. *Cheetham*, 83 Me., 543, 22 A., 469; *Abbott* v. *Jackson*, 84 Me., 449, 24 A., 900; *Whitmore, Admx.* v. *Paper Co.*, 91 Me., 39 A., 1032.

The declaration in the case at bar, as amended, charges that the wooden step and the "platform" or cover constituted an obstruction to travel. In his report the Referee states: "I find that that part of the planking outside of the step, and upon which the plaintiff was walking at the time of the accident, was not at the time it was placed there an obstruction such as to be dangerous to users of the sidewalk. I find, however, that, being of wood, it was not a material which would withstand the weather conditions and wear to which the sidewalk was subjected in that locality, and that it was inevitable that because of such construction it would become unsafe for use. I find that the defendant placed in the sidewalk, constructed of brick, a platform improper in material and unfitted to be a part of the sidewalk."

The record in this case does not justify the finding of the Referee that wood planking constituted "a platform improper and unfitted to be a part of the sidewalk." There being no other basis upon which to predicate negligence of defendant, the entry must be,

*Exceptions sustained.*